The Honorable Ralph "Buddy" Blair State Representative 7415 Oxford Place Fort Smith, Arkansas 72903
Dear Representative Blair:
This is in response to your request for an opinion concerning the allowable investments that brokerage firms may recommend to municipal entities within in State of Arkansas. You have posed three specific questions which will be restated and answered seriatim below.
Your first question is as follows:
 1. What are the allowable investments for municipal entities (cities, towns, airport commission, school districts, etc.) within the State of Arkansas?
It must be noted initially that your first question is very broad, as it inquires as to the allowable investments for literally dozens of municipal entities. Given this fact, we cannot undertake to answer your question as it related to every potential investment made by each specific municipal entity. Such questions more properly lend themselves to analysis on a case-by-case basis. We will, however, in an effort to be helpful, undertake to set out some general principles of law on the question of municipal investments.
Several Arkansas statutes set out the rules as regards the investment of public municipal funds. Other statutes make specific exceptions to these rules. We will first set out the general principles and will thereafter note the exceptions.
Arkansas Code Annotated 19-8-104 provides that "[a]ll public funds as defined in 19-8-101 shall be deposited in banks located in the State of Arkansas." "Public funds" are defined as "any and all kinds of funds handled by treasurers, collectors, commissioners, sheriffs, and clerks." A.C.A. 19-8-101. Thus "public" municipal funds, if they meet the definition in 19-8-101, must be deposited in banks located in Arkansas. (BUT SEE A.C.A. 19-3-208 which allows for some exceptions with respect to state funds.) We have previously opined that this statute does not authorize public funds to be deposited in savings and loan associations. SEE Opinion No. 84-184 and Unofficial Opinion No. 88-196. Additionally, Arkansas municipalities are specifically authorized by statute to invest in "bonds of the United States of America." SEE A.C.A. 19-1-504(a)(1)(C). "Bonds of the United States of America" are defined at 19-1-501 as "direct obligations of the United States of America and obligations, the principal and interest on which are fully guaranteed by the United States of America."[1] See in this regard Opinion No. 87-343, a copy of which is enclosed. Finally, specific authority is given to municipalities to invest in many types of local and state bonds. The following, according to our research, represents a list of bonds in which municipalities are authorized to invest and the statutes authorizing the investment. The list is not meant to be exhaustive, but is a compilation of our research on the question, offered in an effort to be helpful to you. Some of the listed bonds are revenue bonds, and some are not.
 Industrial Development Revenue Bonds A.C.A. 14-164-223
Energy Project Revenue Bonds 14-167-219
Housing Authorities Revenue Bonds 14-169-223
Redevelopment Bonds 14-169-608
Tourism Revenue Bonds 14-170-213
Central Business Imp. Dist. Revenue Bonds 14-184-129
Waterworks and Electric Commission Revenue Bonds 14-201-128
Municipal Electric Power Revenue Bonds 14-202-121
Hydroelectric Power Mun. Revenue Bonds 14-204-112
Consolidated Public Utilities Revenue Bonds 14-217-115
Solid Waste Revenue Bonds 14-232-109
Joint Solid Waste Revenue Bonds 14-233-118
Municipal Hospital Revenue Bonds 14-265-111
Pollution Control Revenue Bonds 14-267-112
Industrial Development Revenue Bonds 15-4-924
Capitol Development Bonds 15-4-1024
ADFA Bonds 15-5-307
Water Resources Bonds 15-22-617
Student Loan Bonds 6-81-120
Road Construction Revenue Bonds 26-78-119
Local Correctional Facility Bonds 12-41-615
Human Development Center Revenue Bonds 20-48-510
Water Pollution Control Revenue Bonds 8-5-312 Turnpike Revenue Bonds 27-71-409
Street and Parking Revenue Bonds 14-302-112
Tollway Revenue Bonds 14-303-510
Public Transit Revenue Bonds 14-334-112
We have concluded that, generally, municipalities and municipal entities may: 1) deposit public funds in banks located in Arkansas; 2) invest in United States Bonds as that term is defined in A.C.A. 19-1-501; and 3) invest in many different types of local and state bonds. One clarification is necessary before we note the exceptions. Arkansas Code Annotated 19-8-104, as noted earlier, requires that public funds be "deposited" in banks located in Arkansas. We have found no specific statute authorizing these funds to be invested in "certificates of deposit", although A.C.A. 19-1-503(a), (found in the subchapter authorizing the investment in U.S. Bonds), provides that: "[n]othing in this subchapter shall be construed to affect the power of . . . municipalities, improvement districts, and other public bodies to make deposit of funds in the form of certificates of deposit as authorized by law". Additionally, it can be argued that the word "deposit" is broad enough to include a deposit in the form of a "certificate of deposit". BLACK'S LAW DICTIONARY (5th ed. 1979) defines the word deposit as follows: "Deposit, according to its commonly accepted and generally understood meaning among bankers and by the public, includes not only deposits not subject to check, for which certificates, whether interest-bearing or not, may be issued, payable on demand, or on certain notice, or at a fixed future time." BLACK'S SUPRA, at p. 395. Thus, it may be successfully contended
 The last two exceptions noted above, (school district funds and local retirement funds), constitute exceptions to the general rules which authorize municipal investment in 1) banks located in Arkansas, 2) U.S. Bonds, and 3) certain local and state bonds. The rule for the investment of school district funds is set out in A.C.A. 19-1-504(b). That section provides:
 (b) funds of school districts shall be invested by school district treasurers in cases where school districts have treasurers or by county treasurers in cases where school districts do not have treasurers. These investments shall be in bonds of the United States of America, in general obligation bonds of the State of Arkansas, or in bank certificates of deposit, as and to the extent directed by the boards of directors of the school districts.
Retirement funds are also treated separately. The permissible investments of political subdivision retirement funds are set out in A.C.A. 24-2-201, a copy of which is enclosed. Additional authority is given for the investment of fireman's pension and relief funds in A.C.A. 24-11-805, copy enclosed. See in this regard also Opinion No. 88-089, a copy of which is enclosed. Specific authority is also given for the investment of local municipal judges and clerks retirement funds. See A.C.A.24-8-302. It should also be noted that unlike most other municipal funds, local retirement funds may be invested with savings and loan associations. See A.C.A. 23-37-512. Finally, local retirement funds may also be invested in Law School Bonds, A.C.A. 6-64-615, and Justice Building Bonds, 22-3-915.
Your second question is as follows:
 2. If a municipal entity purchases through a local institution (bank, savings loan, savings bank, etc.) an out-of-state certificate of deposit or a U.S. Treasury instrument are there any ramifications?
As noted earlier, A.C.A. 19-8-104 requires that "public funds" as therein defined, shall be deposited in banks located in Arkansas. Again, A.C.A. 19-3-208 allows for some exceptions regarding state funds. It was also noted earlier that most municipal public funds may not, under that provision, be invested with savings and loan associations. Thus, to the extent "public funds" are deposited in banks located outside the state, or are invested with a savings and loan association, (unless otherwise specifically excepted) the investment is contrary to Arkansas law. The "ramifications" of such an action could include a successful action to require conformity to A.C.A. 19-8-104, and any relevant penalties and forfeitures as may be provided by law.
Your third question is as follows:
 3) May a local branch office of a national brokerage firm open an account for a municipal entity and purchase for that entity CD's (either local or out-of-state), U.S. Treasury instruments, or money market mutual funds?
In response to this question, it must be noted that we have found no specific statute dealing with or authorizing interaction between "brokerage firms" and municipalities or municipal entities. The exception is for retirement funds. See A.C.A.24-11-805 and 24-9-208, and Act 159 of 1989. Municipalities are authorized to make certain investments under the statutes, but the statutes do not specify how these investments are to be obtained. It should also be noted, however, that there appears to be no general prohibition in this regard. The argument may be made, in the absence of such a prohibition, that the city council's power to manage and control city finances (A.C.A. 14-43-502 (b)(1)) and its general power to contract (A.C.A. 14-54-101 (2)) offer a sufficient basis for retaining the services of a brokerage firm. We cannot offer a conclusive determination, however, in the absence of specific guidance from the legislature or the courts.
We will note, in response to the remaining portion of your question, that the purchase by a municipality or a municipal entity of an out-of-state certificate of deposit is prohibited under Arkansas law. A.C.A. 19-8-104. It should also be recognized that there appears to be no general authority for the investment of public monies in "mutual funds". The exception, again, is for retirement funds. See Opinion No. 88-098 and A.C.A.24-10-402(a)(7).
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana Cunningham.
Attachments: Opinion No. 87-343 A.C.A. 24-2-201
A.C.A. 24-11-805 Opinion No. 88-098
[1] Although the subchapter speaks in terms of "bonds" of the United States, it may be argued that the actual definition set out in 19-1-501 includes other types of United States instruments as well, so long as they are "direct obligations" of the United States and obligations, the principal and interest on which are fully guaranteed by the United States. SEE Opinion No. 87-343. that even in the absence of a specific statute authorizing municipalities and their sub-entities to deposit funds in the form of certificates of deposit, such activity would generally be permissible under Arkansas law. Of course, some governmental entities ARE specifically authorized by statute to invest public funds in certificates of deposit. These exceptions include the investment of local sales and use tax trust funds, A.C.A.26-75-223 (d), and 26-75-318; the investment of self-funded municipal worker's compensation funds, A.C.A. 14-60-104; the investment of local retirement funds, A.C.A. 24-2-201, 24-9-201, and 24-11-805; and the investment of school district funds, A.C.A.19-1-504.